EASTERN DIST.
*April,* 1839.

LOBDELL
*vs.*
BULLITT.

---

**LOBDELL *vs.* BULLITT.**

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE BUCHANAN PRESIDING.

Steam-boats carrying passengers for hire, should be furnished with whatever is requisite or usual, for the safety of those on board.

So, where a steam-boat was destitute of a yawl, and of ropes to throw to

the assistance of a person falling overboard: *Held*, that the owner is liable for the value of a slave of one of the passengers, who fell overboard and was drowned; the officers and crew using no exertions to save him.

The plaintiff alleges, that he embarked with his family, servants and baggage, on board the steam-boat James Monroe, owned by the defendant, in July, 1836, from Port Pontchartrain for Pascagoula. That after he went on board, the boat being badly provided with hands, and other things necessary to its safe navigation, the officers in the night induced one of his servants named Job, a good carpenter, worth four thousand dollars, to work as a fireman ; and that about two o'clock in the morning, Job fell, or was knocked overboard, and was drowned.

The plaintiff expressly alleges, that the captain and crew of the boat refused to use the necessary exertions to save his servant ; that the steam-boat was unprovided with a yawl or long-boat, and the necessary ropes and rigging, etc.

He further charges, that the defendant, as owner, is liable for the value of said slave, and prays judgment for the sum of four thousand dollars.

The defendant pleaded a general denial.

The testimony was various, and some of the witnesses made contradictory statements as to the manner of the loss of the slave. It was, however, proved that the steam-boat had no yawl or long-boat, and was unprovided with ropes.

Some of the passengers testified, that the captain declared he saw the boy in the water, once as high as his waist, and that he was so close to him at one time, if he had had a rope he could have thrown it to him. But this same captain declares in his deposition, that he saw the slave only once, and that for a very short time, and the only part visible was his heels, and a hundred boats, all fully manned, could not have saved him.

The district judge was, however, of opinion, from all the evidence, that from the culpable neglect in the officers of the boat, in not providing her with suitable tackle, etc., and in not stopping and putting her about to save the boy, that the owner was liable. The slave was proved to be worth one

LOBDELL
vs.
BULLITT.

thousand five hundred dollars, for which judgment was rendered.

The defendant appealed.

*Watts*, for the plaintiff.

*C. M. Conrad*, for the defendant and appellant.

*Martin, J.*, delivered the opinion of the court.

The defendant, owner of a steam-boat, is appellant from a judgment, by which the plaintiff has recovered the value of a slave owned by him, which fell from on board and was drowned, through the inattention and want of care of the master; and, also, for the want of a yawl or small boat, and ropes necessary for the use of the steam-boat.

The general issue was pleaded.

The testimony of the master was introduced by the defendant, and several passengers were examined as witnesses. The testimony is in some degree contradictory; it, however, clearly appears that the slave fell overboard during the night, and that no assistance was or could have been given him, because the boat was destitue of a yawl, and so ill provided with ropes, that none could be had to be thrown to the assistance of the slave.

*Steam-boats carrying passengers for hire, should be furnished with whatever is requisite or usual for the safety of those on board.*

*So, where a steam-boat was destitute of a yawl, and of ropes to throw to the assistance of a person falling overboard; Held, that the owner was liable for the value of a slave of one of the passengers, who fell overboard and was drowned, the officers and crew using no exertion to save him.*

We agree with the plaintiff's counsel, that steam-boats carrying passengers for hire, ought to be *furnished with* whatever is requisite, or usually provided on such occasions for their safety, and that of their servants who accompany them; and a yawl or small boat, is, in our opinion, essential to this object. A steam-boat should not be so ill provided with ropes and loose rigging, that on an emergency none could be found at hand to be thrown to a person accidentally falling overboard.

The plaintiff's counsel has also contended, that the master did not use proper exertions to relieve and save the slave. The defendant has endeavored to avail himself of the testimony of the master, after having given him a release. As might have been expected, his evidence and that of the

other witnesses, do not exactly coincide. In a case like this, <span>EASTERN DIST.</span> the conclusion of the first judge has much weight with us, <span>*April,* 1839.</span> and in the present, a close examination of the testimony, has <span>PARMELY ET AL.</span> satisfied us that he did not err in giving judgment for the <span>*vs.*</span> plaintiff. <span>BRADBURY.</span>

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.